# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-2009

Arthur D. Roebuck, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued May 9, 2006                                    Decided August 22, 2006   )

*Daniel P. Graham*, of Washington, D.C., and *Mark R. Lippman,* of La Jolla, California, for the appellant.

*Kenneth A. Walsh*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, DAVIS, and SCHOELEN, *Judges*.

HAGEL, *Judge*:  In this appeal, we address questions that arise regarding the date when the 120-day jurisdictional appeal period begins in circumstances in which the Board of Veterans' Appeals (Board) bifurcates a claim and issues more than one decision pertaining to that claim.  On December 11, 2002, the Board denied Mr. Roebuck service connection for a lung disorder under a nicotine dependence theory and stated that it would "prepare a separate decision addressing [the] issue" of service connection for a lung disorder under an asbestos exposure theory.  Record (R.) at 1060.  On October 28, 2003, the Board issued that separate decision wherein it denied Mr. Roebuck entitlement to service connection for a lung disorder secondary to asbestos exposure.  In his Notice of Appeal to the Court, which he filed within 120 days of October 28, 2003, Mr. Roebuck specified only the October 28, 2003, decision.  But in his briefs filed with the Court, Mr. Roebuck does not contest the Board's 2003 finding on the issue of asbestos exposure and instead asserts that the Board erred in its 2002 determination denying service connection for a lung disorder secondary to nicotine

dependence. We must determine whether Mr. Roebuck's timely appeal of the 2003 Board decision enables us to exercise jurisdiction to review the issue decided in the 2002 Board decision.

Because we agree with the position taken by both parties that nicotine dependence and asbestos exposure are alternative theories in support of a single claim for benefits for a lung disorder, and because the Board did not render a final decision denying that lung disability claim until it issued its October 2003 decision, we hold that, based upon Mr. Roebuck's timely appeal of that decision, we have jurisdiction pursuant to 38 U.S.C. §§7252(a) and 7266(a) to address the Board's denial of entitlement to service connection for a lung disorder secondary to nicotine dependence. We further hold that the December 2002 and October 2003 Board decisions must be vacated and remanded because the Board erred when it failed to apply 38 C.F.R. § 3.156(b) (2005), which requires that new and material evidence received prior to the expiration of the appeal period will be considered as having been filed in connection with the claim pending at the beginning of the appeal period.

## I. FACTS AND PROCEEDINGS

Mr. Roebuck served on active military duty in the U.S. Navy from September 1969 to October 1973. In June 1997, he filed a claim for service connection for a lung disorder secondary to tobacco use and nicotine dependence wherein he asserted that he began smoking in service and that he had a severe cough. In February 1998, he submitted correspondence to a VA regional office in which he requested service connection for a lung disorder secondary to asbestos exposure. The VA regional office denied him entitlement to service connection for a lung disorder secondary to nicotine dependence in a June 9, 1998, decision. The regional office concluded that the only evidence that nicotine addiction began in service was Mr. Roebuck's own statement and he had therefore failed to establish a well-grounded claim.

On June 29, 1998, Mr. Roebuck filed, through a veterans service organization representative, a letter to the regional office to which he attached a statement from his mother in support of his assertion that his addiction to tobacco began in service. He asserted in the letter that the examining VA physician should be instructed that his statement supported by his mother's statement "does constitute a well-grounded claim requiring a [nexus] medical opinion." R. at 724. He further stated in the letter that the regional office should note that he had previously filed a claim for service

connection for his lung condition due to exposure to asbestos, and that "it [was his] suggestion that the tobacco disability issue be resolved first as it is not necessary to establish two etiologies for [his] lung condition." *Id.*

In a July 9, 1998, statement in support of his claim, Mr. Roebuck stated that he had a lung problem, severe cough, and shortness of breath due to exposure to asbestos and that he was also appealing VA's denial of his claim for a lung disorder secondary to nicotine dependence. On April 16, 1999, the regional office denied his claim for a lung condition based on exposure to asbestos. In June 1999, Mr. Roebuck filed a Substantive Appeal with the Board and stated that he had a "cough" and "shortness of breath." R. at 773. In an October 1999 letter, he requested that the regional office address the issue of nicotine dependence and noted that he had appealed the June 1998 regional office decision denying his claim for a lung condition based on nicotine dependence. In January 2000, the regional office denied his claim for service connection for a lung condition secondary to nicotine dependence. In a March 2000 deferred rating decision, the regional office informed Mr. Roebuck's attorney that it had construed his June 1998 letter and the supporting statement from Mr. Roebuck's mother as new and material evidence and that it had not received a Notice of Disagreement regarding the June 9, 1998, regional office decision.

In April 2000, Mr. Roebuck filed, through counsel, a Notice of Disagreement regarding the January 2000 regional office decision. R. at 791. The regional office then issued a decision denying that claim in April 2000. In an October 20, 2000, Board decision, the Board remanded his asbestos claim for additional procedural development. In January 2001, Mr. Roebuck filed a subsequent Substantive Appeal regarding his claim for entitlement to service connection for a lung condition. On September 23, 2002, his service representative filed a "Statement of Accredited Representative in Appealed Case," in which he argued that the issues on appeal included both entitlement to service connection for a lung condition caused by asbestosis and entitlement to service connection for a lung condition due to nicotine dependence. In his brief before the Board, Mr. Roebuck again argued both issues.

On December 11, 2002, the Board issued a decision wherein it addressed the question of "[w]hether new and material evidence has been presented to reopen a claim of service connection for a lung disorder secondary to tobacco use and nicotine dependence." R. at 1059. The Board noted

3

that the "claim of entitlement to service connection for a lung disorder, secondary to asbestos exposure will be the subject of a later decision." *Id.* The Board further noted the following:

> The Board is undertaking additional development on the issue of entitlement to service connection for a lung disorder, secondary to asbestos exposure, pursuant to [recent regulatory changes] . . . . When it is completed, the Board will provide notice of the development as required by Rule of Practice 903 . . . . After giving notice and reviewing any response, the Board *will prepare a separate decision addressing this issue*.

R. at 1060 (emphasis added). The Board determined that Mr. Roebuck's June 29, 1998, communication, which included a statement from his mother, did not constitute a Notice of Disagreement. The Board also concluded that Mr. Roebuck's June 29, 1998, communication should be construed as a claim to reopen based on new and material evidence but that the "date of his claim to reopen controls the determination of the date-of-claim." R. at 1070. The Board then cited to 38 U.S.C. § 1103(a), which precludes veterans from being awarded service connection for tobacco-related illnesses attributable to their use of tobacco products in service if their claims are filed after June 9, 1998. On the basis of its determination that June 29, 1998, was the date of Mr. Roebuck's claim, and pursuant to section 1103(a), the Board denied Mr. Roebuck's claim for entitlement to service connection for a lung disability secondary to nicotine dependence.

On October 28, 2003, the Board denied Mr. Roebuck's claim for entitlement to service connection for a lung disability, secondary to asbestos exposure. The Board noted the following when it referred to the nicotine-dependence theory:

> In a December 2002 decision, the Board determined that new and material evidence had been submitted to reopen a claim for service connection for a lung disorder secondary to tobacco use and nicotine dependence. But after adjudicating the claim on a *de novo* basis, the Board determined that service connection was not warranted because it was expressly precluded by law.

R. at 2.

On November 15, 2003, Mr. Roebuck, while unrepresented, filed a Notice of Appeal wherein he specifically listed the October 28, 2003, Board decision as the decision he was appealing.

4

## II. ARGUMENTS ON APPEAL

On appeal, Mr. Roebuck now argues, through counsel, that this Court has jurisdiction to review the issue of nicotine dependence reviewed by the Board in its December 11, 2002, decision because it concerns the same claim adjudicated in the October 28, 2003, Board decision—entitlement to service connection for a lung disorder. He further argues that the Board erred in its determination that his June 29, 1998, letter to the regional office did not suffice as a valid Notice of Disagreement. And he advances that, even assuming that the correspondence did not qualify as a Notice of Disagreement, his mother's statement constituted new and material evidence submitted prior to the one-year period to appeal the regional office decision, and, pursuant to 38 C.F.R. § 3.156(b), it should have been considered as a submission filed in connection with the original claim and not as a claim to reopen. Because a VA regional office did not adjudicate his original claim based upon that new and material evidence, Mr. Roebuck argues that the 1997 claim is still pending.

The Secretary argues that the Court should dismiss Mr. Roebuck's appeal because he has abandoned all arguments pertaining to the October 28, 2003, Board decision, and the Court lacks jurisdiction to review the Board's December 11, 2002, decision. The Secretary conceded during oral argument that Mr. Roebuck's entitlement to service connection for a lung disability, whether secondary to nicotine or asbestos exposure, constitutes a single claim for benefits. He also conceded that the Board erred when it bifurcated the two theories of the claim and that if Mr. Roebuck had appealed the December 2002 decision to this Court, this Court may have also been required to dismiss that appeal for lack of jurisdiction at that time. The Secretary nevertheless argued that, pursuant to *Bingham v. Nicholson,* 421 F.3d 1346, 1349 (Fed. Cir. 2005), the first Board decision must be regarded as the final decision with regard to the claim for a lung condition, and it is that decision that must be appealed. The Secretary further argued during his oral presentation that because the claim was finally decided in 2002, the Board was without authority to issue its 2003 decision, and thus, that decision is a nullity.

## III.  ANALYSIS

### A.  Jurisdiction to Review Nicotine Dependence Theory

The underlying question before us is whether we have jurisdiction to review Mr. Roebuck's entitlement to service connection for a lung disorder under a nicotine dependence theory based upon (1) the Board's bifurcation of its review of the lung disorder disability, (2) its separate determinations regarding the nicotine dependence theory, in December 2002, and the asbestos exposure theory, in October 2003, and (3) Mr. Roebuck's appeal of the October 2003 Board decision.

In order to resolve this question, we must first determine whether Mr. Roebuck's nicotine dependence and asbestos exposure theories both pertain to one claim.  That determination requires that we review the definition of a "claim" and the distinctions drawn between "theories" and "claims" by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), by this Court, and by the Secretary's regulations.  If we find that the two theories were encompassed within one claim, we must then proceed to consider whether our jurisdiction to review that claim, based upon Mr. Roebuck's appeal of the October 2003 Board decision, enables us to review the Board's December 2002 decision and the findings therein with regard to the nicotine dependence theory.  We must also consider whether Mr. Roebuck satisfied the requirements of a Notice of Appeal in the context of the Board's bifurcation of proceedings.

### 1.  Definition of a "Claim"

Both Mr. Roebuck and the Secretary agree that nicotine dependence and asbestos exposure are two arguments or theories of entitlement to a single claim for disability benefits for a lung condition.  To determine whether that statement is correct we must first assess the definition of a claim.  In our review of the regulations, we recognize that 38 C.F.R. § 3.1(p) (2005) defines a "Claim–Application" as a "formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit."  We further recognize that 38 C.F.R. § 20.3(f) (2005) defines a "claim" as an "application made under title 38, United States Code,

6

and implementing directives for entitlement to [VA] benefits or for the continuation or increase of such benefits, or the defense of a proposed agency adverse action concerning benefits."

In *Schroeder v. West,* the Federal Circuit reviewed these provisions and concluded that they define a "claim" broadly as an application for benefits for a current disability. 212 F.3d 1265, 1269 (Fed. Cir. 2000); *see also Rodriguez v. West,* 189 F.3d 1351, 1353 (Fed. Cir. 1999). This Court also applied the definition of a "claim" set forth under § 3.1 in *Bingham v. Principi*, 18 Vet.App. 470, 474 (2004), *aff'd*, 421 F.3d 1346 (Fed. Cir. 2005). In *Bingham,* we relied on the Federal Circuit's analysis of a "claim" in *Schroeder*, and we held that "direct and presumptive service connection are, by definition, two means (i.e., two theories) by which to reach the same end, namely service connection," and that it therefore "follows logically that the appellant, in seeking service connection . . . did not file two separate claims" but rather one claim for an ear condition. *Id.*

In light of the caselaw and the regulations, we adopt the definition of a "claim" applied by the Federal Circuit in *Schroeder*, and we determine that a claim is an application for entitlement to a VA benefit based on a current disability. We further recognize, in line with our holding in *Bingham,* that although there may be multiple theories or means of establishing entitlement to a benefit for a disability, if the theories all pertain to the same benefit for the same disability, they constitute the same claim. We will therefore apply this definition of a "claim" to the facts in the instant appeal.

We recognize that Mr. Roebuck, in his description of both the nicotine dependence and asbestos exposure matters, listed the same current disability of a lung problem with symptoms of coughing and shortness of breath. His representative also pointed out in a June 1998 letter that nicotine dependence and asbestos exposure were "two etiologies for the veteran's lung condition." R. at 724. We further recognize that Mr. Roebuck's medical reports indicated that he had a current disability of restrictive lung disease with an "unknown etiology." R. at 716; *see* R. at 691. The Board also noted these medical reports and determined in its October 2003 decision that, "aside from" his alleged asbestos exposure, "his chronic smoking of tobacco-based products . . . just as well may have contributed to his current respiratory impairment." R. at 8. The Board therefore acknowledged that asbestos exposure and nicotine dependence were two theories of causation or etiologies of his lung disorder. On the basis of these facts, including Mr. Roebuck's submissions,

7

we conclude that the nicotine dependence theory, decided in December 2002, and the asbestos exposure theory, decided in October 2003, are two theories that pertain to the same benefit (service connection) for the same disability (a lung disorder) and that they, therefore, constitute the same claim.

We note that this holding is consistent with our determination in *Ashford v. Brown* with regard to Mr. Ashford's "respiratory condition," "severe chronic lung disease," "lung disorder, claimed as a residual of asbestos exposure," and other lung disorders. 10 Vet.App. 120, 123 (1997). Mr. Ashford had raised the issue of asbestos exposure in connection with his previously denied claim for a lung condition, and he later asserted that asbestos exposure constituted "a separate and distinct disability claim that had not been previously considered." *Id.* We determined in *Ashford* that "[n]otwithstanding the nomenclature and varied etiology attributed to his disability, Mr. Ashford's 'lung condition,' by any name, remains the same." *Id.*

In *Ashford,* we also described Mr. Ashford's lung condition and the issue of asbestos exposure as "inextricably intertwined." *Id.* Mr. Roebuck asserts that his asbestos exposure argument and his nicotine dependence argument are "inextricably intertwined." We recognize that "inextricably intertwined" refers to the relationship between two claims that are so closely connected that it is necessary that they be adjudicated together. *See Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991). In *Joyce v. Nicholson,* there was a dispute between the Secretary and the claimant regarding whether entitlement to service connection for a duodenal ulcer incurred in service and aggravation of a preexisting duodenal ulcer during service constituted a single claim or two distinct claims. 443 F.3d 845, 849 (Fed. Cir. 2006). The Federal Circuit determined that it "need not decide which view of the underlying claims is correct" because "even if two separate claims are involved, Joyce's assertedly separate claims are inextricably intertwined because both claim compensation for the same disability." *Id*. at 849-50. In the instant case, we agree with both parties that Mr. Roebuck's two theories of entitlement to service connection for a lung disorder are encompassed within a single claim; therefore, we need not decide whether the two etiologies are "inextricably interwined." We note, however, that, as in *Joyce*, the two theories pertain to the same disability.

*2. Jurisdiction to Review Final Board Decisions on Claims for Benefits*

Keeping in mind our conclusion that both the December 2002 and the October 2003 Board decisions addressed the same claim for benefits, the next question that arises is whether our jurisdiction to review that claim based upon Mr. Roebuck's appeal of the 2003 decision enables us to review the arguments in support of that claim addressed by the Board in 2002. Pursuant to 38 U.S.C. § 7252(a), the jurisdiction of this Court is "premised on and defined by the Board's decision concerning the matter being appealed." *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998). In *Maggitt v. West*, the Federal Circuit analyzed our jurisdiction and held that when the Board renders a decision on a claim for benefits, our jurisdiction extends broadly, enabling us to review any arguments in support of that claim. 202 F.3d 1370, 1376 (Fed. Cir. 2000). The Federal Circuit established that a "decision" of the Board, for purposes of our jurisdiction under section 7252 "is the decision with respect to the ***benefit sought*** by the veteran." *Id.* (emphasis added). The Federal Circuit further explained that our authority under section 7252 "speaks to the Board's decision on the veteran's ***claim*** itself, not to an ***argument*** made or not made in support of the claim." *Id.* at 1376-77 (emphasis added). On that basis, the Federal Circuit concluded that "[we have] jurisdiction to hear ***arguments*** presented to [us] in the first instance, provided [we] otherwise [have] jurisdiction over the veteran's ***claim.***" *Id.* at 1377. (emphasis added).

In its decision in *Bingham v. Nicholson*, the Federal Circuit delineated an additional distinction between claims and theories when considering the question of finality. It held that, pursuant to 38 U.S.C. § 7104(b), "finality attaches once a ***claim for benefits*** is disallowed, not when a particular ***theory*** is rejected." 421 F.3d at 1348-49 (emphasis added). Applying that holding to the facts in the instant case, finality attached once the Board denied Mr. Roebuck's claim for a lung disability, not after it decided one of two bifurcated theories pertaining to that lung disorder claim.

The Secretary interprets *Bingham* differently. He asserted during oral argument that, pursuant to *Bingham,* the Board's first adjudication of the lung disability claim was its final adjudication and the only decision subject to direct appeal; therefore, Mr. Roebuck, like the appellant in *Bingham,* had failed to timely appeal. *See id.* The Secretary's reliance on *Bingham* for that proposition is misdirected. Although the legal questions that arise in this case and *Bingham* are similar, the factual scenarios are very different. In *Bingham,* Mr. Bingham's 1949 claim was denied by a 1950 Board decision, which he did not appeal, and more than 50 years later Mr. Bingham

9

argued in his appeal of a 2001 Board decision that the 1950 Board decision was not final because the Board had failed to adjudicate a presumptive theory of service connection. 421 F.3d at 1349; *see also Bingham,* 18 Vet. App. at 473. Here, Mr. Roebuck's two theories of service connection were adjudicated in conjunction with one another before the regional office, and the Board explicitly acknowledged that it would split the two theories of the lung disability claim into two separate Board decisions. The Board stated in its 2002 decision that it would proceed to address the nicotine dependence theory but that it would "prepare a separate decision addressing the [asbestos exposure] issue." R. at 1060. In the *Bingham* cases, the 1950 Board decision finally disallowed the claim, but in the instant case the 2002 Board decision was not a final denial of the lung disability claim because Mr. Roebuck could have potentially prevailed under the asbestos exposure theory, which was not decided until 2003.

The Secretary acknowledged during oral argument that had Mr. Roebuck appealed the 2002 Board decision to this Court in a timely manner, this Court may have lacked jurisdiction to review that Board decision because it was nonfinal, given that the Board had not yet denied the lung disorder claim under the asbestos-exposure theory. The Secretary, nonetheless, maintained that because Mr. Roebuck did not appeal until after the Board denied his asbestos exposure theory in 2003, this Court now lacks jurisdiction to review the December 2002 decision. The Secretary is asking us to take an approach that would create a no-win predicament for the appellant. He is asserting that, regardless of whether Mr. Roebuck had appealed the Board's 2002 or 2003 decision, this Court may have been forced to dismiss his appeal of the issues adjudicated by the 2002 Board for lack of jurisdiction. But he is simultaneously proposing that Mr. Roebuck was, nonetheless, required to appeal the December 2002 decision.

We determine that approach to be impractical and contrary to the requirement that in order for a claimant to obtain review of a Board decision by this Court, that decision must be final. 38 U.S.C. § 7266; *Hampton v. Gober*, 10 Vet.App. 481 (1997); s*ee also Kirkpatrick v. Nicholson,* 417 F.3d 1361, 1363 (Fed. Cir. 2005). The Federal Circuit has pointed out that the "'purpose of the rule of finality is to preclude repetitive and belated readjudication of veterans' benefit claims.'" *Bingham*, 421 F.3d at 1349 (Fed. Cir. 2005) (quoting *Cook v. Principi,* 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc)). If we were to adjudicate a claimant's appeal of one theory of a claim while the Board is

10

still deliberating on another theory supporting that same claim, our efforts would be potentially duplicative and unnecessary. A claimant need only succeed on one theory of the claim in order to prevail on the underlying claim; therefore, if the Board were to grant service connection based on the remaining theory, this Court's adjudication of any other theories would result in a waste of judicial resources. This case was not "ripe for judicial review" in December 2002 "because the agency ha[d] not [yet] completed its decision-making process." *Kirkpatrick,* 417 F.3d at 1364. Because it would contravene principles of judicial economy to ask the claimant to appeal a nonfinal Board decision, we decline to adopt the approach suggested by the Secretary.

### 3. Requirements of a Notice of Appeal when the Board Bifurcates a Claim

Pursuant to 38 U.S.C. § 7266, an appeal to this Court is commenced by the filing of a Notice of Appeal within 120 days of a final Board decision. We hold that when a claimant raises more than one theory in support of a claim during the time while that claim is still pending before VA, if the Board bifurcates those theories or arguments and addresses them in separate decisions, the time for appeal is not ripe until the Board issues a final decision denying all theories. Under those circumstances, the 120-day requirement for filing a Notice of Appeal will not begin to run until the Board has denied all theories in support of the claim that it has identified for consideration.

In *Durr v. Nicholson,* the Federal Circuit held that the adequacy of a Notice of Appeal must be determined "with two background interpretative principles in mind": (1) Notices of Appeal are to be liberally construed, and (2) pro se pleadings are to be liberally construed. 400 F.3d 1375, 1380 (Fed. Cir. 2005). Rule 3(c) of the Court's Rules of Practice and Procedure (Rules) prescribes the requirements for the content of a Notice of Appeal. Rule 3(c) provides that an appellant must reasonably identify the Board decision from which he or she is appealing.

Mr. Roebuck filed his Notice of Appeal on Form 1, which is referred to in Rule 3 as a "suggested form" for a Notice of Appeal. That form states as follows: "The following named appellant appeals to the Court from a final [Board] decision. The [Board] decision was dated . . . ." In the space provided, Mr. Roebuck, who was unrepresented at that time, wrote "October 28, 2003." In the unique circumstances of this case in which the Board bifurcated its determination of Mr.

11

Roebuck's lung disorder claim, the October 28, 2003, Board decision was the final Board decision, and it was issued by the Board in two parts separated by less than a year, i.e., the first in December 2002 and the second in October 2003. We therefore determine that Mr. Roebuck's Notice of Appeal satisfied the requirements of Rule 3 for purposes of appealing both of the theories of the bifurcated claim, nicotine dependence and asbestos exposure, addressed by the Board.

Having determined that the requirements for our jurisdiction have been met, we now proceed to consider the Board's denial of service connection for a lung disorder secondary to nicotine dependence. Because Mr. Roebuck has not briefed the asbestos exposure issue, we determine that he has abandoned that argument. *See Ford v. Gober,* 10 Vet.App. 531, 535 (1997); *Bucklinger v. Brown,* 5 Vet.App. 435, 436 (1993) (holding that issues not raised in appellant's briefing before this Court are deemed abandoned).

B. New and Material Evidence Regarding Nicotine Dependence Theory

The Board determined that the statement from Mr. Roebuck's mother, which was filed on June 29, 1998, constituted new and material evidence. The Board, however, concluded that "the date of his claim to reopen controls the determination of the date-of-claim," and that 38 U.S.C. § 1103 prohibits service connection for nicotine dependence because that new and material evidence was filed after June 9, 1998.

The Board failed to consider the provisions of 38 C.F.R. § 3.156(b). That regulation provides that new and material evidence "received prior to the expiration of the appeal period . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." Because the regional office decision denying his claim was issued less than a month earlier, on June 9, 1998, and because Mr. Roebuck had one year to appeal that decision, pursuant to § 3.156(b), his new and material evidence must "be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." Mr. Roebuck filed his claim for a lung disorder in June 1997; therefore, the new and material evidence must be considered in connection with that claim.

"In order to facilitate effective judicial review," the Board must articulate with reasonable clarity its reasons or bases for decisions, and it may commit remandable error when it fails to provide an adequate statement of reasons or bases for a decision. *Gilbert v. Derwinski,* 1 Vet.App. 49, 56-57

12

(1990). The Board must provide "a written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104. The Board must also address all issues that are reasonably raised by the appellant and all applicable provisions of law and regulation. *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *see* 38 U.S.C. § 7104(a); *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *see also Jones v. Principi,* 3 Vet.App. 396, 399 (1992).

In the instant case, the applicability of § 3.156(b) constituted a "material" issue of law presented on the record. 38 U.S.C. § 7104. Because the Board failed to consider § 3.156(b) and also failed to consider the new and material evidence in connection with Mr. Roebuck's June 1997 claim, the Court determines that the Board failed to provide an adequate statement of reasons or bases for its decision denying Mr. Roebuck's claim for a lung disorder, secondary to nicotine addiction. That decision must therefore be vacated and that matter must be remanded for readjudication.

## IV.  CONCLUSION

On consideration of the foregoing, the December 2002 and October 2003 Board decisions are VACATED, and the matter is REMANDED for readjudication consistent with this decision.