ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to vacate the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in Tyrues v. Nicholson, 04-0584, 2005 WL 3157695 (Nov. 15, 2005) and remand for further proceedings. The Secretary states that Larry G. Tyrues does not oppose this motion.
Tyrues appealed to the CAVC, challenging an April 7, 2004 decision of the Board of Veterans’ Appeals that denied service connection for a respiratory disability resulting from an undiagnosed illness. The Board explained that Tyrues was not entitled to presumptive service connection for a respiratory disability from an undiagnosed illness because his various respiratory problems had been etiologically related to known clinical causes, including pneumonia and chronic bronchitis, for which the Board had previously denied entitlement to service connection in September 1998. On appeal to the CAVC, Tyrues asserted errors in the Board’s April 2004 decision denying service connection on a presumptive basis and also errors in the Board’s September 1998 decision denying entitlement to service connection on a direct basis. He maintained that because the issues were inextricably intertwined, an appeal from the September 1998 decision would be premature until the Board issued its April 2004 decision, thereby rendering a final determination on the claim.
In its November 15, 2005, decision, the CAVC, inter alia, rejected Tyrues’s argument that it had jurisdiction over the September 1998 Board decision. The court concluded that the September 1998 decision had become final when Tyrues failed to file an appeal within 120 days from the date of mailing of the Board’s decision and allowing Tyrues to make arguments relating to that decision would vitiate the rule of finality.
Tyrues appealed seeking review by this court. This case was stayed at the request of the parties pending our disposition in *922 Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir.2007) and its companion case Simmons v. Nicholson, 487 F.3d 892 (Fed.Cir.2007). After the CAVC issued its decision in this case in November 2005, the CAVC issued its decision in Roebuck v. Nicholson, 20 Vet.App. 307 (2006), which held that when there are two theories of entitlement on a single disability claim, i.e., a direct theory and presumptive theory, the Board’s decision on the claim is not final until the Board has issued a decision on both theories of entitlement. Id. at 314. Roebuck relied in part on our decision in Joyce v. Nicholson, 443 F.3d 845 (Fed.Cir.2006), which involved finality of two inextricably intertwined claims for the same disability. Joyce also issued after the CAVC’s decision in this appeal.
The Secretary asserts that in the interest of justice, it would be appropriate to remand the matter to the CAVC to reconsider the issue in light of the CAVC’s holding in Roebuck and our decision in Joyce. We agree and therefore vacate the CAVC’s decision and remand for further proceedings consistent with this order.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted. The CAVC’s judgment is vacated and the case is remanded for further proceedings consistent with this order.
(2) Each side shall bear its own costs.