KASOLD, Judge,
concurring in the result:
I write separately to note that I do not believe Mrs. Padgett’s motion for substitution is moot. Succinctly stated, the Secretary has awarded benefits based on direct service connection, whereas the Court found that service connection was warrant *169 ed based on secondary service connection. See Padgett v. Niholson (Full Court Opinion), 19 Vet.App. 133, 152 (2005) (en banc). Although an award of service connection based on one theory, as opposed to another, generally results in the same benefit and moots a direct appeal, Roebuck v. Nicholson, 20 Vet.App. 307, 315 (2006) (“A claimant need only succeed on one theory of the claim in order to prevail on the underlying claim .... ”), in this instance the Court has rendered a decision that will be fully binding on the Secretary once finalized, see Padgett v. Nicholson, 473 F.3d 1364, 1369 (Fed.Cir.2007) (noting the certainty of a final judgment relating to issues in the veteran’s claim after a decision is rendered by the Court and that “judicial precedents are ‘presumptively correct’ ”), whereas the Secretary’s decision is always subject to revision, see 38 C.F.R. § 3.500-3.669 (2008) (discussing reductions, discontinuances, and adjustments of benefits); cf. Winsett v. Principi, 341 F.3d 1329, 1331 (Fed.Cir.2003) (holding that final Board decisions appealed to and decided by the Court are not subject to revision on the basis of clear and unmistakable error).
Moreover, the Secretary in this case denied benefits even after the full Court had determined service connection was warranted and withdrew its opinion on other grounds — a situation envisioned by the Federal Circuit. See Padgett, 473 F.3d at 1370 (noting that it was “reasonable to suspect” that the Secretary would deny an accrued benefits award to Mrs. Padgett absent the controlling effect of the Full Court Opinion). The Secretary only granted benefits after the Federal Circuit reinstated the Full Court Opinion, and then did so on a separate theory, leaving open the possibility that it could be changed. Under these circumstances, Mrs. Padgett has a legitimate interest in sustaining the Full Court Opinion and the matter therefore is not moot. Compare City of Erie v. Pap’s A.M., 529 U.S. 277, 287-88, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (finding matter not moot when underlying basis for litigation could be renewed and other party had an interest in preserving judgment), with City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 283, 121 S.Ct. 743, 148 L.Ed.2d 757 (2001) (Speculation alone cannot “shield [a] ease from a mootness determination.”).
Nevertheless, assuming arguendo that the case is now moot, it certainly was not moot at the time Mrs. Padgett originally sought substitution. Thus, to do now that ‘“which should have been done on the specified date,’ ” I would grant Mrs. Pad-gett’s motion for substitution nunc pro tunc to July 21, 2005, the date she filed it. See BlaCK’s Law DiotionaRY 1100 (8th ed.2004) (“ ‘When an order is signed “nunc pro tunc” as of a specified date, it means that a thing is now done which should have been done on the specified date.’ ” (quoting 35A C.J.S. Federal Civil Procedure § 370 (1960))). Finally, I emphasize that regardless of whether or not Mrs. Padgett’s interests in the appeal have been mooted by the Secretary’s award of accrued benefits, I fully concur that the Full Court Opinion should not be withdrawn.