http://www.va.gov/vetapp16/Files2/1617288.txt

Citation Nr: 1617288 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 13-15 948 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota

THE ISSUE

Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for a right shoulder disability, including as due to exposure to ionizing radiation.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

A.J. Turnipseed, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from October 1955 to October 1959 and from November 1960 to November 1964. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota.

In January 2015, the Board denied entitlement to service connection for a respiratory disorder, a salivary gland disorder, chronic pain syndrome, headaches, and an acquired psychiatric disorder, but the Board remanded the right shoulder claim for additional evidentiary development. All requested development has been completed and the right shoulder claim now returns for further consideration. See Stegall v. West, 11 Vet. App. 268 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. In an April 2009 rating decision, the RO denied entitlement to service connection for degenerative changes of the right acromioclavicular joint; although notified of the denial in May 2009, the Veteran did not initiate an appeal, and no pertinent exception to finality applies.

2. Evidence received since the time of the final April 2009 rating decision is duplicative and cumulative of that at the time of the prior final denial and does not raises a reasonable possibility of substantiating the claim of service connection for a right shoulder disability.

CONCLUSIONS OF LAW

1. The April 2009 rating decision that denied service connection for a right shoulder disability is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2015).

2. New and material evidence has not been submitted sufficient to reopen a claim of service connection for a right shoulder disability. 38 U.S.C.A. §§ 1110, 1131, 5100, 5102, 5103, 5103A, 5107, 5108 (West 2014); 38 C.F.R. §§ 3.156, 3.159 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

VA has a duty to notify the Veteran of the information and evidence necessary to substantiate the claims submitted, the division of responsibilities in obtaining evidence, and assistance in developing evidence, pursuant to the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). 

Here, adequate notice was provided to the Veteran in an April 2015 letter that fully addressed all notice elements, as it provided the Veteran with notice of the reasons for the prior denial of his right shoulder claim (as requested in the Board's January 2015 remand) and also provided notice of the information and evidence needed to substantiate an underlying claim of service connection, what information and evidence must be submitted by him, what information and evidence would be obtained by VA, and notice of the laws and regulations governing disability ratings and effective dates. 

While the April 2015 letter was not provided to the Veteran prior to the initial adjudication of the claim, the claim was subsequently readjudicated in a June 2015 supplemental statement of the case, no prejudice has been alleged, and none is apparent from the record. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (the issuance of a fully compliant notification followed by readjudication of the claim, such as a statement of the case or supplemental statement of the case, is sufficient to cure a timing defect). Accordingly, no further development is required with respect to the duty to notify.

The Board also finds that all necessary development has been accomplished in this case, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains the Veteran's available service treatment records, as well all available post-service reports of private and VA treatment. Moreover, the Veteran's statements in support of the claim are of record. The Board has carefully reviewed such statements and concludes that no available outstanding evidence has been identified.

The Veteran was not examined in connection with this appeal. As explained below, the Veteran has not submitted new and material evidence here and, therefore, a VA examination with medical opinion is not required with respect to this claim. 38 C.F.R. § 3.159(c)(4)(iii). 

In summary, the facts relevant to this appeal have been properly developed, and there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. §§ 5103(a), 5103A, or 38 C.F.R. § 3.159. Therefore, the Veteran will not be prejudiced as a result of the Board proceeding to the merits of the appeal. 

Analysis

In April 2009, the RO denied entitlement to service connection for degenerative changes of the right acromioclavicular joint - a right shoulder disability. At that time, the RO considered the Veteran's service treatment records (STRs) which show that he was placed on light duty for five days in August 1959 after dislocating his right shoulder and that he also injured his right shoulder a second time in June 1961, at which time he was diagnosed with a muscle strain. X-rays of the Veteran's right shoulder were normal in August 1959 and June 1961, but the Veteran continued to experience right shoulder pain when he was discharged from service in September 1959 and November 1964. Notably, however, objective examination of the upper extremities was normal in September 1959 and November 1964, and the clinician who examined the Veteran at his final discharge examination in November 1964 noted the Veteran had good recovery following both in-service injuries. 

The RO also considered post-service treatment records which reflect that the Veteran first complained of pain involving his right shoulder, neck, and back in July 2008, at which time he reported that his pain started after he was involved in a work-related motor vehicle accident in 1988 and x-rays showed degenerative changes of the acromioclavicular joint in the right shoulder. Also of record was a February 2009 VA examination report wherein the examining physician opined that the Veteran's current right shoulder disability was not due to, caused by, or a result of his military service, as he noted that the Veteran was not seen for right shoulder problems after service until his post-service motor vehicle accident. 

Based on the foregoing, the RO denied service connection for a right shoulder condition on the basis that the current right shoulder disability was not due to his military service. The record reflects that the April 2009 rating decision and notice of appellate rights were mailed to the Veteran's address of record in May 2009 and was not returned as undeliverable. Although notified of the denial, the Veteran did not initiate an appeal or submit new and material evidence relevant to the right shoulder claim during the one year appeal period following the issuance of the April 2009 rating decision. See 38 C.F.R. § 3.156(b). 

The record reflects that the Veteran's service personnel records were associated with the claims file in May 2012. In this context, VA regulations provide that, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding the requirement that new and material evidence must first be received. 38 C.F.R. § 3.156(c). While service personnel records were associated with the record in May 2012 and were in existence at the time of the April 2009 rating decision, the service personnel records do not contain any information or evidence relevant to, or which would substantiate, the right shoulder claim. Therefore, the service personnel records are not deemed relevant to the claim on appeal and 38 C.F.R. § 3.156(c) is not applicable to this claim. 

Accordingly, the April 2009 rating decision became final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2015).

Generally, a claim which has been denied in an unappealed Board decision or an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7104(b), 7105(c). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The Court has held that in determining whether the evidence is new and material, the credibility of the newly presented evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). The Board is required to give consideration to all of the evidence received since the first denial of the claim in light of the totality of the record. See Hickson v. West, 12 Vet. App. 247, 251 (1999). 

In this regard, the Court in Shade v. Shinseki, 24 Vet. App. 110 (2010) held that the language of 38 C.F.R. § 3.156(a) created a low threshold, and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." Further, in determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118.

Review of the record shows that, following the final April 2009 rating decision, the Veteran submitted a statement in June 2012 seeking service connection for several disabilities, including a right shoulder disability, which he asserted were incurred as a result of radiation exposure during service. 

While the RO did not previously consider whether service connection was warranted for a right shoulder disability due to in-service radiation exposure, separate theories in support of a claim for a particular benefit are not equivalent to separate claims, and a final denial on one theory is a final denial on all theories. As such, new and material evidence is necessary to reopen a claim for the same benefit asserted under a different theory. Robinson v. Mansfield, 21 Vet App 545 (2008); Roebuck v. Nicholson, 20 Vet. App. 307 (2006). Indeed, mere offering of an alternative theory of entitlement does not constitute new and material evidence sufficient to reopen the claim without evidence to support that particular theory, i.e., new and material evidence that raises a reasonable possibility of substantiating the claim. Roebuck, 20 Vet. App. at 307; Bingham v. Principi, 18 Vet. App. 470 (2004), aff'd 421 F.3d 1346 (Fed. Cir. 2005).

In support of his claim, the Veteran submitted a Radiation Risk Activity Information Sheet, wherein he reported witnessing three radiation tests between April 1957 and April 1958. Evidence added to the claims file also includes VA treatment records dated from April 2008 to June 2012 that document complaints of right shoulder pain which the Veteran reported began in 1988 and private treatment records which do not contain any information or evidence relevant to the right shoulder condition. 

The Board finds that the evidence added to the claims file since the April 2009 rating decision fails to demonstrate, suggest, or raise a reasonable possibility that the Veteran's current right shoulder disability was incurred in or otherwise related to his military service, to include as a result of radiation exposure. Indeed, the VA treatment records are merely a consolidation of years of treatment and, while new treatment records have been submitted, they are cumulative and duplicative of medical records already in the file, as they document complaints of right shoulder pain that the Veteran attributed to his post-service accident. Notably, the VA treatment records do not contain any indication or suggestion that the right shoulder disability manifested after service is related to his military service, to include as due to radiation exposure. 

Likewise, while the Radiation Risk Activity Sheet is new, in that it was not of record at the time of the last final rating decision, and it suggests that the Veteran may have been exposed to radiation during service, it is not considered material evidence sufficient to reopen the claim, particularly considering that arthritis (or degenerative changes) is not one of the radiogenic diseases presumptively associated with veterans who participated in a radiation-risk activity. 38 C.F.R. § 3.309(d), 3.311(b)(2). Thus, it appears the Veteran has posited a new theory of entitlement, but he has not provided evidence to support it. As noted, mere offering of an alternative theory of entitlement does not constitute new and material evidence sufficient to reopen the claim without evidence to support that particular theory. See Roebuck, supra; Bingham, supra. As a result, the Secretary's duty to assist by providing a new medical examination or opinion regarding the current right shoulder disability is not triggered. See Shade, 24 Vet. App. at 120.

In summary, even when considering the newly submitted evidence together with the previous evidence of record, the evidence does not raise a reasonable possibility of substantiating the Veteran's claim of service connection for a right shoulder disability. Accordingly, new and material evidence has not been received sufficient to reopen the previously denied claim of service connection for a right shoulder disability, and the Veteran's petition to reopen such claim is denied. There is no doubt to be resolved as to this issue. See 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015); Gilbert, 1 Vet. App. at 49.

ORDER

New and material evidence having not been submitted, the petition to reopen a claim of entitlement to service connection for a right shoulder disability is denied.

____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs
c