KASOLD, Judge,
concurring:
I fully concur in the well-reasoned opinion of the Court and I write separately only to highlight the following three points:
1. The Court’s Opinion Is Consistent With Our Precedent and Jurisdictional Statute.
Any suggestion that the opinion today is in some way a shift from our prior case-law regarding finality of Board decisions — based on one theory of service connection while another theory is remanded for further adjudication — is without merit. Specifically, the Court historically has considered that a Board decision denying benefits for a disability based on one particular theory, while another theory is still being developed below, to be final for purposes of appeal and the Court’s jurisdiction over an appeal. See, e.g., Rice v. Shinseki, 22 Vet.App. 447 (2009) (exercising jurisdiction over an appeal of a Board decision that denied an earlier effective date for TDIU even though Board remanded the matter of an initial rating for PTSD; Court exercised its discretion to decline review of the merits and vacated the Board’s decision as to TDIU because the matter was not fully developed, and remanded the matter for readjudication subsequent to adjudication of the initial rating for PTSD); D’Aries v. Peake, 22 Vet.App. 97 (2008) (exercising jurisdiction over appeal of Board decision that denied service connection for cause of veteran’s death even while claim for DIC was denied in a separate Board decision and remanded in a separate Court decision); Andrews v. West, 16 Vet.App. 384, 1999 WL 44307 (1999) (table) (exercising jurisdiction over appeal of Board decision denying benefits based on direct service connection while benefits based on secondary service connection were still being adjudicated).
The Court also has bifurcated a claim, affirming parts of a Board decision related to a claim for benefits while remanding for further adjudication other matters stemming from the same decision. See, e.g., Barringer v. Peake, 22 Vet.App. 242 (2008) (affirming Board decision with regard to schedular ratings and effective date and remanding for adjudication of extraschedu-lar consideration); Palczewski v. Nicholson, 21 Vet.App. 174 (2007) (affirming denial of service connection for hearing loss while remanding for readjudication with regard to tinnitus); Harder v. Brown, 5 Vet.App. 183 (1993) (affirming Board decision denying the reopening of a claim based on right-knee disability based on direct service connection, and reversing denial based on secondary service connection and remanding for further adjudication).
There are only two exceptions to our having jurisdiction over Board decisions that are final with regard to a matter, and for which notice how and when to appeal has been provided: Harris v. Derwinski, 1 Vet.App. 180 (1991), and Roebuck v. Nicholson, 20 Vet.App. 307 (2006). In Harris, the Court held that when the matters *186 remanded are inextricably intertwined with another matter for which the Board denied benefits and stated its decision was final, the Court lacked jurisdiction to hear an appeal over the matter declared final by the Board. 1 Vet.App. at 183. Today, we correctly overturn that part of Harris and hold that we do indeed have jurisdiction over a Board decision that denies benefits when the Board states its decision is final and that decision is timely appealed. However, the Court may, for reasons of judicial economy, nevertheless remand such a decision for adjudication with the matter still under administrative adjudication if the matters are inextricably intertwined. Id.; see also Gurley v. Nicholson, 20 Vet.App. 573, 576 n. 3 (2007) (recognizing the dilemma a claimant faces with the question whether to timely appeal a Board decision, or risk having his right to appeal vitiated for failure to timely appeal).
The other exception is implicitly raised by Roebuck, which, as noted ante at 16, involved a unique set of circumstances such that the Court concluded that the Board decision denying a matter was not final despite the Board’s decision stating it was final and the fact the claimant had been provided notice how and when to appeal. Although I concur that Roebuck can be distinguished from our precedential cases where the Court had jurisdiction over final Board decisions for which notice of appellate rights has been provided, it must be recognized that Roebuck is indeed an exception thereto. Any characterization that today’s opinion establishes a new concept of finality elevates the recent single pan el decision in Roebuck, rendered on exceptional circumstances, above the consistent understanding of this Court’s jurisdiction in the nonexceptional circumstances where the Board renders a final decision on one theory supporting a claim for benefits and remands for further adjudication that part of the claim that is based on another theory that could support an award of benefits.
2. Assertions that Evidence on Direct Service Connection Was Not Fully Developed at the Time of the 1998 Board Decision Are Speculative.
One of the concurring opinions suggests that the September 1998 Board decision that denied Mr. Tyrues’s direct service-connection claim for lung disability could have been based on evidence that was not properly and fully developed; however, readers should note that this allegation is unsupported by reference to any facts; it is pure speculation. Moreover, the very suggestion of inadequate development reinforces the fact that Mr. Tyrues should have appealed the 1998 decision in a timely manner if he was not satisfied with it, so that effective appellate review could be conducted. Review of a decision rendered over 10 years ago certainly ignores the mandate from Congress that an appeal of a final Board decision be taken within 120 days of that decision. 38 U.S.C. § 7266.
3. Our Jurisdiction Is Predicated on Final Board Decisions Adversely Affecting a Claimant.
Although the Court has tried to define a “claim” for all purposes, see Rice, 22 Vet.App. at 451, any such effort is fruitless. Our jurisdiction is over final Board decisions affecting benefits. 38 U.S.C. §§ 7252, 7266; see, e.g., Maggitt v. West, 202 F.3d 1370, 1376 (Fed.Cir.2000). Nothing in statute or caselaw limits our jurisdiction to final decisions on claims, or otherwise defines the context of our jurisdiction over final Board decisions on all aspects of a claim. Can it reasonably be argued that the denial of benefits for a disability based on one theory is not a final Board decision affecting benefits? A veteran might very well be entitled to *187 benefits based on the theory denied by the Board, and to require him to wait 10 or more years to appeal that decision is wholly contrary to our statutory jurisdiction, which is the “exclusive jurisdiction to review decisions of the Board of Veterans’ Appeals” when a final decision is appealed by “a person adversely affected by such decision” within 120 days of the mailing of the decision. 38 U.S.C. §§ 7252 and 7266.
Moreover, as we recently held in Clemons v. Shinseki, claimants seek benefits for disabilities as they perceive them based upon particular symptoms, not based upon a particular medical term causing the perceived disability. 23 Vet.App. 1, 4 (2009). The requirement to liberally construe a claim, and the recognition that claimants generally are not competent to provide opinions as to diagnoses that require medical training, compel the Secretary to view and develop a claim for benefits based on the reported symptoms and not just a particular, unconfirmed “diagnosis,” On the other hand, the requirement to liberally construe a claim for benefits in no way constrains the Secretary from processing the claim based on different theories or diagnoses. Indeed, the Federal Circuit has held that a claim for benefits finally denied as to one medical cause, is to be treated separately from a subsequent claim for benefits based on a different medical cause, even when the disability as perceived by the veteran is the same, such as a hearing loss that is sensorineural as opposed to conductive. Boggs v. Peake, 520 F.3d 1330, 1337 (Fed.Cir.2008).
Thus, a “claim” seeking benefits — i.e., a claim for benefits for whatever a veteran suffers from — is different from a “claim” denied — i.e., the denial of benefits based on one specific medical diagnosis differs from a later submitted “claim” for benefits based on a different medical diagnosis. Otherwise stated, what constitutes a “claim” differs depending on what stage in the administrative process one is attempting to define a claim — at the stage when a “claim” is filed, or at the final stage when a “claim” is denied. With regard to our jurisdiction, however, it should not be overlooked that it is premised on a final Board decision affecting benefits, and not on what constitutes a claim at any given time in the adjudication process below.
As succinctly stated in the Court’s opinion, when the Board renders a final decision on a matter affecting benefits, and a claimant is provided a copy of that decision and notice how and when to appeal it, the failure to timely file an NO A precludes this Court from having jurisdiction over that decision. This is what the law states, and it is the basic holding of the Court’s decision today.