Jerrold W. MUEHL, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 98–539.

United States Court of Appeals
for Veterans Claims.

Nov. 16, 1999.

Jerrold W. Muehl, pro se.

Leigh A. Bradley, General Counsel;
Ron Garvin, Assistant General Counsel;
Mary Ann Flynn, Acting Deputy Assistant
General Counsel; and James L. Calis were
on the pleadings for the appellee.

Before FARLEY, HOLDAWAY, and
GREENE, Judges.

GREENE, Judge:

Veteran Jerrold W. Muehl, pro se, appeals a November 25, 1997, Board of Veterans' Appeals (Board) decision denying entitlement to an effective date earlier than January 27, 1994, for a permanent and total rating for non-service-connected disability pension. The Court has jurisdiction over the case under 38 U.S.C. § 7252(a). The Secretary has moved for summary affirmance. For the following reasons, the Court will reverse the decision of the Board and remand the matter.

## I. FACTS

Mr. Muehl served honorably in the U.S. Army from June 1953 to May 1955 and in the South Dakota Army National Guard from August 1964 to December 1965. Record (R.) at 14, 19. His claims folder was lost and reconstructed. R. at 12. The reconstructed folder includes no corre-

spondence from the appellant before April 1986.

The first claim of record is Mr. Muehl's April 1986 claim for non-service-connected (NSC) pension. R. at 14–17. A June 1987 regional office (RO) decision denied his claim. R. at 21–22. Mr. Muehl claims he never received that RO decision but suggests that he received notification of the denial. *See* Appellant's informal brief. In August 1988, Mr. Muehl attempted to appeal the June 1987 denial. R. at 26–27. The RO informed him that his request was not timely, but that if he furnished further evidence, his letter would be construed as a request to reopen his claim. R. at 30. He did not respond to the RO's request for additional evidence (within one year) (R. at 30), and the RO considered the claim abandoned. Mr. Muehl claims that he never received the RO's request. *See* Appellant's informal brief.

On December 9, 1992, Mr. Muehl attempted to reopen his claim, submitting a December 1986 Social Security Administration (SSA) decision awarding him SSA disability benefits based on total disability since January 1983. R. at 32–39. The RO requested his medical records from the SSA (R. at 41) and informed him that if he failed to report for his VA examination, his claim could be disallowed (R. at 43). He was scheduled for an August 1993 examination. R. at 253. Mr. Muehl informed the RO that he could not appear for an examination because he lacked the funds to pay travel expenses. R. at 45–47. The evidence of record does not indicate if VA acted on this information other than to deny his claim in September 1993. R. at 52–53. In the adjudication, it was noted that the SSA records had not been received and that Mr. Muehl was unable to appear at his physical examination. *Id.*

Four months after the RO decision, on January 27, 1994, the RO received the SSA medical records. R. at 57–171. A March 1994 RO decision determined that submission of the SSA records was a reopening of the claim and then denied the claim. R. at 173–74. The denial noted:

This claim will be reconsidered if the veteran submits a statement that he is unemployed and if unemployed the last date of employment. The claim must be supported by evidence of current medical care preferably within the past year or the veteran makes himself available for VA medical examination.

*Id.* In February 1995, Mr. Muehl requested reconsideration of that decision. R. at 178. A December 1995 deferred rating decision noted "PENDING SOCIAL SECURITY DISABILITY RECORDS." R. at 255. A February 1996 RO decision granted his claim for NSC pension for extraschedular permanent and total disability effective August 8, 1995, based on a January 1996 VA examination. R. at 184–86. He filed a Notice of Disagreement (NOD) stating that he had initially filed for NSC pension in December 1992. R. at 192.

An April 1996 RO decision found the February 2, 1996, RO decision clearly and unmistakably erroneous in not assigning an earlier effective date for the award of benefits to Mr. Muehl. R. at 195–96. It granted him NSC pension benefits effective February 23, 1995, the date of his request for reconsideration. *Id.* Under "Reasons and Bases," the RO stated: "Entitlement to pension was granted as information furnished showed the veteran had been in receipt of [SSA] disability benefits since January 1995. The receipt of [SSA] disability benefits is prima facie evidence of entitlement to non[-]service[-]connected disability pension." *Id.* The RO issued a Statement of the Case (SOC). R. at 198–204. He appealed to the Board noting that he had been unable to work since August 1978 and that he had been disabled for social security purposes since January 6, 1983. R. at 221.

In the appeal, Mr. Muehl asked if he was entitled to an earlier effective date than February 23, 1995, for his benefits. He asserted that he had filed a claim for

NSC pension in 1978 and, for the purposes of its decision, the Board assumed that he had filed such a claim. R. at 5. The Board determined that the appellant's February 1995 request for reconsideration could be accepted as a timely NOD to the RO's March 1994 decision and, therefore, that that decision never became final. R. at 8. Next, it determined that his claim filed in December 1992 and denied in September 1993 had become final because he did not submit a timely NOD. R. at 3. Finally, the Board determined that the SSA medical evidence received by the RO on January 27, 1994, constituted an informal claim and awarded him an effective date of January 27, 1994. *Id.* This appeal followed.

## II. APPLICABLE LAW AND ANALYSIS

The "[r]esolution of the question of whether the Board accurately determined the effective date requires the Court to decide whether the Board erred in its fact finding." *Scott v. Brown*, 7 Vet.App. 184, 188 (1994) (quoting *Quarles v. Derwinski*, 3 Vet.App. 129, 135 (1992)). When reviewing the Board's fact finding, the Court may only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4); *see Zink v. Brown*, 10 Vet.App. 258, 259 (1997); *Lovelace v. Derwinski*, 1 Vet.App. 73 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). In determining if a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the Board on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Id.* at 53. However, under section 7261(a)(4), title 38, U.S.Code, it must set aside a finding of fact as clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 52 (citing *United States v. United States Gypsum Co.*, 333 U.S. 364,

395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The Court may reach that conclusion only if there is no "plausible basis in the record" for the Board findings. *See Zink* and *Gilbert*, both *supra*. The rule for establishing the effective date for an award of disability benefits is found in 38 U.S.C. § 5110(a):

> Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of the application therefor.

*See Crawford v. Brown*, 5 Vet.App. 33, 35 (1993); *see also* 38 C.F.R. § 3.400 (1998) (to the same effect).

When a claim is filed and the RO renders an adverse decision, the claimant has the right to disagree with that decision by filing an NOD within one year from the date of mailing of notice of the decision. 38 U.S.C. § 7105(b)(1). However, "[n]ew and material evidence received prior to the expiration of the appeal period ... will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." 38 C.F.R. § 3.156(b). Here, the RO rendered an adverse decision in September 1993. Thus, if new and material evidence was presented or secured on behalf of the appellant before September 1994, it will be considered as having been filed in connection with his December 9, 1992, application to reopen his claim (the claim which was pending at the beginning of the appeal period). *See id.*

Because the SSA records were received within the appeal period, the Court holds that the September 1993 RO decision was not a final decision. The Board erred in determining that the January 1994 receipt of SSA records was a claim to reopen a previously disallowed claim. Even if the

September 1993 RO decision made in the absence of his pending SSA records was lawful, *cf. Hayre v. West*, 188 F.3d 1327, (Fed.Cir.1999) (holding that VA must in certain cases make multiple attempts to obtain service medical records and notify the veteran of its failure to obtain them), the SSA records received in January 1994 should have been considered in conjunction with the original claim. *See* 38 C.F.R. § 3.156(b). His February 1995 request for reconsideration was accepted by the Board as an NOD to the March 1994 RO denial of the claim on the merits. Upon de novo review, we hold that the Board's acceptance of this request as an NOD was correct. *See Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996) (holding whether a document is an NOD is a question of law for the Court to determine de novo). Because there was no final decision on the December 9, 1992, claim, the only plausible basis for determining the effective date is in accordance with 38 U.S.C. § 5110(a). VA's examination of Mr. Muehl confirmed its earlier conclusion that the SSA medical records established a prima facie case for NSC pension. The evidence of record indicates that Mr Muehl was receiving SSA total disability benefits before December 9, 1992. However, in accordance with 38 U.S.C. § 5110(a), his effective date cannot be before the receipt of his claim. Accordingly, the effective date of his claim is December 9, 1992, and the Board's decision assigning January 27, 1994, is clearly erroneous. *Gilbert, supra.* Because there is no other permissible view of the evidence, remand for further adjudication on this issue is not indicated. *See Hersey v. Derwinski*, 2 Vet.App. 91, 95 (1992); *see also Karnas v. Derwinski*, 1 Vet.App. 308, 311–14 (1991).

In view of the Court's holding, the issue of whether the Secretary breached his duty to assist the appellant in developing the pertinent facts in his case by adjudicating his claim in September 1993 prior to receipt of his SSA records is moot. The Court, however, expresses its concern that the VA process in this matter fell short of its obligations in this pro-claimant environment. The SSA and VA are uniquely interested in evidence concerning a veteran's disability in order to adjudicate fairly a claim for disability. Indeed, evidence of a disability possessed by one agency has import to disability decisions by the other. *See* 38 U.S.C. § 5105; *see, e.g., Murincsak v. Derwinski*, 2 Vet.App. 363, 370 (1992) (holding VA failed in its duty to assist by not acquiring pertinent SSA records where veteran had filed well-grounded claim and VA had actual notice that veteran was receiving SSA disability benefits). Therefore, requests for evidence of disability between these departments are often made to assist in rendering a correct and appropriate decision. *See* 38 U.S.C. § 5106. If one agency fails to respond to the request, or is otherwise not diligent in providing the information, such failure or lack of diligence should not prejudice the veteran. VA should have waited for receipt of the SSA records before rendering a decision. Also, after being informed that Mr. Muehl did not have the money to travel to the VA medical examination site, it might have been appropriate to consider providing him transportation or reimbursing his travel expenses under 38 U.S.C. § 111 rather than disregard the matter.

## III. CONCLUSION

On consideration of the foregoing analysis and a review of the record, the Secretary's motion is denied, and the Board's November 25, 1998, decision is REVERSED and the matter is REMANDED to the Board for assignment of an effective date of December 9, 1992.