LANCE, J.,
concurring:
I fully concur with the ultimate outcome reached by the majority. I write separately to note my disagreement with the conclusion that VA’s failure to consider new and material evidence in conjunction with the original claim vitiates the finality of the decision regarding that original claim. See ante at 5 (“When VA fails to consider new and material evidence submitted within the one-year appeal period pursuant to § 3.156(b), and that evidence establishes entitlement to the benefit sought, the underlying RO decision does not become final.”). Muehl v. West held that Social Security Administration records received within a year of an RO decision “should have been considered in conjunction with the original claim” pursuant to § 3.156(b) and that because the records were not so considered, “there was no final decision on the [original claim].” 13 Vet.App. 159, 161-62 (1999). Muehl, however, was decided under the framework of Hayre v. West *473 that held procedural error vitiated finality. 188 F.3d 1327 (Fed.Cir.1999) (denial of benefits not final for purposes of appeal if there was breach of the duty to assist), overruled in part by Cook v. Principi, 318 F.3d 1334 (Fed.Cir.2002) (en banc) (grave procedural error is not an exception to the rule of finality). In Cook, the Federal Circuit altered this framework by overruling Hayre and holding that grave procedural error did not abrogate the finality of a decision. Id. at 1341. To this extent, I believe Cook overruled the portion of Muehl that held that failure to consider evidence pursuant to § 3.156(b) resulted in “no final decision on the [original claim].” Muehl, 13 Vet.App. at 162.
The section at issue in this case, § 3.156(b), is a procedural regulation that guides VA’s consideration of new and material evidence received by VA within the time to appeal a decision in much the same way that the duty to assist is a procedural statute governing how evidence will be obtained in a claimant’s case. In Cook, the Federal Circuit considered that this Court has “held that the time for appealing either an RO or a Board decision did not run where VA failed to provide the veteran with information or material critical to the appellate process.” 318 F.3d at 1340 (citing Tablazon v. Brown, 8 Vet.App. 359 (1995)); Hauck v. Brown, 6 Vet.App. 518 (1994); Kuo v. Derwinski, 2 Vet.App. 662 (1992); Ashley v. Derwinski, 2 Vet.App. 307 (1992). The opinion in Cook stated, however, that in these cases, i.e., Tablazon, Hauck, Kuo, and Ashley, all supra, ‘VA’s failure to comply with statutory procedural requirements regarding notification of benefit determinations had the effect of extinguishing the claimant’s right to appeal an adverse decision.” Cook, 318 F.3d at 1341. Distinguishing Hayre, the court determined that regardless of any failure of the duty to assist in the development of evidence, Mr. Hayre was afforded notice of the RO decision and had he filed an NOD, VA would have issued an SOC. “Thus, the VA’s failure to notify Hayre that it had been unsuccessful in obtaining his SMRs [service medical records] did not preclude him from challenging the administrative decision denying his claim and raising the issue of the duty to assist after he was notified of the basis of the decision.” Id. In this case, Mr. Young was notified of his appellate rights and had opportunity to file an NOD with the original September 1996 decision. He did not do so and statute mandates that “[i]f no [N]otice of [Disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final.” 38 U.S.C. § 7105(c). Mr. Young also had the opportunity to challenge the RO’s December 1997 decision that considered his new and material evidence-which he did, hence our decision today. Like Hayre, Mr. Young had opportunity to challenge the VA’s initial failure to consider his evidence received in conjunction with his original claim. Accordingly, VA’s failure to consider and apply § 3.156(b) does not create an exception to finality in the same way that other grave procedural errors, so long as they are not of the type that have the effect of extinguishing a claimant’s right to appeal an adverse decision, do not vitiate finality. Cook, 318 F.3d at 1341.
Nevertheless, I reach the same result as the majority because, in my view, § 3.156(b) operates to relate back to the original claim any subsequent decision that considers new and material evidence received by VA during the time to appeal the original determination. This achieves the objectives of § 3.156(b) without treading on Cook’s holding and creating an exception to the rule of finality reminiscent of Hayre. Cook, 318 F.3d at 1339 (“[W]e see nothing ... that indicates that Congress intended to allow additional exceptions to the finality of VA decisions based upon ‘grave procedural error.’ ”). The relation- *474 back operation of § 3.156(b) is also fully consistent with § 20.304, which states that “the filing of additional evidence after the receipt of notice of an adverse determination does not extend the time limit for initiating or completing an appeal from that determination.”
A. General Operation of § 3.156(b)
Section 3.156(b) anticipates the situation where new and material evidence is received by VA at a time when the claim is not yet final — within a year after an RO decision on the claim. In this instance, § 3.156(b) operates so that VA may consider this evidence and issue a new RO decision that relates back to the original claim for purposes of preserving the initially assigned effective date and the application of the extant rating provisions. This serves the claimant, for example, who was awarded service connection in an RO decision, but is dissatisfied with the disability rating assigned. Without having to process a lengthy appeal to the Board,[2] which requires filing an NOD, waiting for the processing of an SOC, and filing a Substantive Appeal, the claimant can simply present his new and material evidence to VA and have it considered and adjudicated in a subsequent RO decision, preserving the effective date assigned in the original decision. This also operates to avoid harm to the less savvy claimant who would like new and material evidence be considered, but does not understand that filing an NOD is necessary to prevent the original RO decision from becoming final and losing out on any effective date assigned.
B. Application of § 3.156(b) Where Original Claim is Granted: New Evidence Construed as a Separate Increased Rating Claim
Applicability of § 3.156(b) is not limited to claims that are denied by the RO but also where, as here, a rating decision grants service connection. Unlike a claim that is denied, where a claim is granted, new and material evidence received within the appeal period may be construed by VA as a claim for an increased rating, as it was in Mr. Young’s case. Whatever administrative label is given to the evidence, if it is new and material and is received within the appeal period, the decision regarding that evidence must relate back to the original claim. Where an NOD is filed in addition to new and material evidence, construing that evidence as part of a separate increased rating claim is procedurally beneficial because that posture prevents the Board from necessarily being deprived of appellate jurisdiction over the original claim. This is so because, if the new and material evidence is not considered part of the original claim being appealed, that appeal would not be subject to a remand so that the evidence might first be considered by the agency of original jurisdiction. See Disabled Am. Veterans v. Sec‘y of Veterans Affairs, 327 F.3d 1339, 1347 (Fed.Cir.2003) (Board’s review of evidence not considered by the agency of original jurisdiction in the absence of a waiver from the appellant violates 38 U.S.C. § 7104(a)). Therefore, receipt of new and material evidence would not result in a deprivation of the Board’s jurisdiction to consider the original appeal; but § 3.156(b) allows any decision on that evidence to relate back to the original claim even if considered in the context of a separate increased rating claim. Pursuant to § 3.156(b), any RO decision as to the increased rating claim is fully appealable but must relate back to the original decision, while the Board may proceed with the appeal of the original RO *475 decision. In this case, the appellant does not lose the benefit of his originally assigned effective date as he would if evidence as to disability rating was received after the appellate period. Further, the Board is not stripped of jurisdiction over the original claim. This serves an efficient purpose: the claimant is able to challenge, e.g., a disability rating immediately through the submission of new and material evidence if it exists, but the process of Board review of the initially assigned effective date, for example, may continue without interruption and delay. This promotes the efficiency of decisions and serves the interests of claimants as well as VA. This is particularly useful where an NOD is filed quickly but new evidence is not submitted until near the end of the one-year appeal period.
To summarize, by allowing VA to treat new evidence as a new and separate claim that relates back to the filing of the original claim, § 3.156(b) solves two potential problems. First, without § 3.156(b), the unsophisticated veteran would lose a possible earlier effective date by not submitting an NOD with new evidence — precisely the situation in this case — while the sophisticated veteran (or his representative) would always submit an NOD with new evidence to preserve his effective date even if he did not think there was any error based on the original record. Section 3.156(b) avoids this game and unnecessary appeals by preserving the potential effective date of the original claim if new evidence is submitted within one year if it is material.
Second, by allowing new evidence to be treated as a separate claim, § 3.156(b) avoids the need to continually delay appellate review in order to protect the claimant’s effective date if the appellant is submitting a constant stream of new evidence. This scenario is particularly likely where the issue is disability rating and the appellant is receiving regular treatment for a condition the severity of which is in flux. In that case, the Board can bring some finality to the original decision while leaving the door open for a retroactive award based upon evidence submitted within the one-year appeal period. Of course, the new evidence can always be considered as part of the original claim rather than as a separate claim if the RO can process it prior to the appeal of the original claim being certified to the Board, but this is not that case. Ultimately, § 3.156(b) gives the Secretary the ability to be veteran friendly while maintaining administrative flexibility to process both appeals and new evidence efficiently. Therefore, VA is free to either process new evidence as part of a pending appeal or treat it as a separate claim as appropriate. If the new evidence is material and compensation is awarded, then that award may have an effective date back to the date of the original claim regardless of the procedure chosen.
In conclusion, I would hold that Mr. Young’s original 1995 claim was finally decided by the RO in September 1996 because that determination was not appealed. If, on remand, the Board determines that the evidence received by VA in June 1997 was new and material, then a new decision considering that evidence in fight of the rating provisions that were in effect at the time of the original claim will relate back to the date of the original December 1995 claim.
MOORMAN, Judge, filed the opinion of the Court.
LANCE, Judge, filed a concurring opinion.

. Currently, an appeal to the Board takes an average of three years to produce a decision. James P. Terry, Report of the Chairman of the Board of Veterans' Appeals for Fiscal Year 2008 19 (2009), available at http://www.va. gov/V etapp/ChairRpt/B VA2008AR.pdf.