Citation Nr: 1450458 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-17 039 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Whether new and material evidence has been received in order to reopen a claim of entitlement to service connection for back injury, and, if so, whether service connection for a back disorder is warranted.

2. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD). 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

H. Papavizas, Associate Counsel


INTRODUCTION

The Veteran had active duty from September 1971 to December 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. Jurisdiction of the Veteran's claims file currently resides with the RO in Chicago, Illinois. 

While the RO initially adjudicated the issue of entitlement to service connection for PTSD, the Board has recharacterized such issue as entitlement to service connection for an acquired psychiatric disorder, as noted on the first page of this decision, based on the United States Court of Appeals for Veterans Claims' (Court's) holding in Clemons v. Shinseki, 23 Vet. App. 1 (2009) (the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record).

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. The Board notes that, in addition to the VBMS, there is a separate electronic (Virtual VA) claims file associated with the Veteran's claim. A review of the Virtual VA claims file does not reveal any additional documents pertinent to the present appeal with the exception of VA treatment records dated through February 2013. VA treatment records dating from January 2008 onward were not considered in the March 2013 supplemental statement of the case, and the Veteran has not waived agency of original jurisdiction (AOJ) consideration of them. 38 C.F.R. § 20.1304 (2014). However, as his request to reopen is granted herein and the remainder of his claims are being remanded, the AOJ will have an opportunity to review the newly received evidence such that no prejudice results to the Veteran in the Board considering such evidence for the limited purposes of granting the request to reopen and issuing a comprehensive and thorough remand.

The Board herein reopens the Veteran's claim for service connection for a back injury. The reopened claim as well as the remaining claim on appeal are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDINGS OF FACT

1. In a final decision decided in December 1982 and issued in January 1983, the RO denied service connection for a back injury.

2. Evidence added to the record since the final January 1983 denial is not cumulative or redundant of the evidence of record at the time of the prior decision and raises a reasonable possibility of substantiating the Veteran's claim of entitlement to service connection for a back injury.


CONCLUSIONS OF LAW

1. The January 1983 rating decision that denied service connection for a back injury is final. 38 U.S.C.A. § 4005(c) (1976) [(West 2002)]; 38 C.F.R. §§ 3.104, 19.118, 19.153 (1982) [38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014)]. 

2. New and material evidence has been received to reopen the claim of entitlement to service connection for a back injury. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As the Board's decision to reopen the Veteran's claim of entitlement to service connection for a back injury is completely favorable, no further action is required to comply with the Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations. However, consideration of the merits of the issue is deferred pending additional development consistent with the VCAA.

In a December 1982 rating decision, the RO denied the Veteran's claim for service connection for a back injury. The evidence considered in connection with such decision is limited to the Veteran's service treatment records, including his separation examination. No VA examination report is of record because the Veteran did not appear for a scheduled examination, and no post-service medical records, VA or non-VA, were associated with the record at such time. Based upon the evidence of record, the RO determined that the Veteran's service treatment records were negative for the claimed 1973 back injury, the Veteran's separation examination was normal, and the Veteran failed to claim any back disability or issues upon separation in his Report of Medical History. Therefore, the RO denied service connection for a back injury as such was not shown by the evidence of record.

Rating actions are final and binding based on evidence on file at the time the claimant is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). The claimant has one year from notification of an RO decision to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C.A. § 7105(b) and (c); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.202, and 20.302(a).

In January 1983, the Veteran was advised of the decision and his appellate rights. No communication from the Veteran was received within a year of the issuance of the rating decision. Therefore, the January 1983 rating decision is final. 38 U.S.C.A. § 4005(c) (1976) [(West 2002)]; 38 C.F.R. §§ 3.104, 19.118, 19.153 (1982) [38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014)]. In this regard, the Board has considered the applicability of 38 C.F.R. § 3.156(b), which provides that, when new and material evidence is received prior to the expiration of the appeal period, it will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. However, in the instant case, such regulation is inapplicable as no evidence pertaining to the Veteran's claim for service connection for back injury was received prior to the expiration of the appeal period stemming from the January 1983 rating decision. See also Bond v. Shinseki, 659 F.3d 1362, 1367 (Fed. Cir. 2011); Roebuck v. Nicholson, 20 Vet. App. 307, 316 (2006); Muehl v. West, 13 Vet. App. 159, 161-62 (1999).

The Board notes that, since the issuance of the January 1983 rating decision, the Veteran has submitted documents related to a 1973 special court-martial proceeding, and the RO has obtained additional service personnel records. In this regard, 38 C.F.R. § 3.156(c) provides that, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of the same section (which defines new and material evidence). The regulation further identifies service records related to a claimed in-service event, injury, or disease as relevant service department records. 38 C.F.R. 
§ 3.156(c)(1)(i). In the instant case, the military personnel records, including documents of the 1973 special court-marital proceeding, are not relevant because they contain no information pertaining to the Veteran's alleged in-service back injury. Therefore, the provisions of 38 C.F.R. 3.156(c) are inapplicable.

Generally, a claim which has been denied in an unappealed Board decision or an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7104(b), 7105(c). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 

New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The Court has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. See Shade v. Shinseki, 24 Vet. App. 110 (2010). The Court further held that new evidence would raise a reasonable possibility of substantiating the claim if, when considered with the old evidence, it would at least trigger the Secretary's duty to assist by providing a medical opinion. Id.

For the purpose of establishing whether new and material evidence has been submitted, the credibility of the evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

Here, the evidence received since the time of the January 1983 rating decision includes more recent VA treatment records, private medical records, and statements from the Veteran. The Board finds that the evidence received since the January 1983 rating decision is not cumulative or redundant of the evidence of record at the time of the decision and raises a reasonable possibility of substantiating such claim.

In this regard, the RO previously denied the Veteran's claim for service connection for a back injury on the basis that there was no evidence showing he injured his back during service or that he had a current disability. Evidence received since the January 1983 rating decision includes statements from the Veteran that he injured his back in service in or around 1973 presumably from climbing with heavy gear on his back, began to experience back problems upon discharge from the military which interfered with his ability to work, has experienced ongoing back issues, and has received disability benefits from Social Security Administration (SSA) for a back disability. See April 1987 Application for Compensation or Pension (unsigned), August 2006 Veteran's Statement, and October 2010 Statement in Support of Claim. These allegations are new and were not asserted previously. Additionally, recent VA medical records confirm that the Veteran has sought treatment for a back condition, diagnosed as ankylosing spondylitis. Therefore, as newly received evidence suggests that the Veteran's has a current back disorder which may have been caused by an injury sustained during his active duty military service, such evidence relates to unestablished facts necessary to substantiate the claim for service connection for a back injury. Accordingly, the claim is reopened.


ORDER

New and material evidence having been received, the claim of entitlement to service connection for a back injury is reopened, and the appeal is granted to this extent only.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's remaining claims so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

The Veteran maintains that he is entitled to service connection for a back injury and for an acquired psychiatric disorder, to include PTSD. Regarding his back, the Veteran alleges that he injured his back in service from climbing with heavy gear on his back, which caused him to experience back problems upon discharge that interfered with his ability to work. See April 1987 Application for Compensation or Pension (unsigned), August 2006 Veteran's Statement, and October 2010 Statement in Support of Claim. Specifically regarding his acquired psychiatric disorder, the Veteran has alleged, among other things, that such was caused by incidents which occurred on November 19, 1972. See August 2006 Veteran's Statement, October 2006 Statement in Support of Claim for Service Connection for PTSD. On that day, the Veteran was on liberty at an Air Force Base in Italy when he and other Marines were notified that liberty was cancelled and that the last bus departing from the base was about to leave. Id. The Veteran claims that he boarded the bus and was attacked by over 50 other white Marines on the bus in a race riot. Id. The riot was broken up by military police who returned the Veteran to his ship, the U.S.S. Boulder. Id. As the Veteran was about to board the ship, he recognized two Marines in proximity who had attacked him on the bus. Id. A chase ensued, and the Veteran attacked his two alleged assailants. Id. Subsequently, the Veteran was the subject of a special court-martial because of the altercation with the Marines.

With respect to the Veteran's reopened service connection claim for back injury, the Board finds that remand is necessary to afford him a VA examination to assess the nature and etiology of his claimed back disorder as the evidence justifying the reopening of his claim indicates that such disorder may be related to an alleged injury that occurred during his active duty service. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The Board also notes that the record reflects that the Veteran is, or was, in receipt of disability benefits from the Social Security Administration (SSA) for a back disability. Thus far, it does not appear that any attempt has been made to obtain a complete copy of the medical records underlying the SSA's award, if any such records exist. The Court has held that where there has been a determination with regard to Social Security benefits, the records concerning that decision must be obtained. Murincsak v. Derwinski, 2 Vet. App. 363 (1992). As the records from SSA could contain information pertinent to the issues on appeal, efforts should be made to procure them.

With respect to the service connection claim for an acquired psychiatric disorder, the Veteran has alleged, among other things, that he manifests PTSD as a result of a personal assault. In general, establishment of service connection for PTSD requires (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f). See also Cohen v. Brown, 10 Vet. App. 128 (1997). A medical opinion may be used to corroborate a personal assault stressor. See Menegassi v. Shinseki, 638 F.3d 1379, 1381 (Fed. Cir. 2011).

There are special evidentiary procedures for PTSD claims based on personal assault. Patton v. West, 12 Vet. App. 272, 278 (1999). In personal assault cases, more particularized requirements are established regarding the development of alternative sources of information as service records may be devoid of evidence because many victims of personal assault, especially sexual assault and domestic or other violence, do not file official reports either with military or civilian authorities. Specifically, evidence from sources other than the Veteran's service records may corroborate the Veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. In personal assault cases, the Veteran must be advised that evidence from sources other than the Veteran's service records or evidence of behavior changes may constitute credible supporting evidence of the stressor, and the Veteran must be given the opportunity to furnish this type of evidence or advise VA of potential sources of such evidence. 38 C.F.R. § 3.304(f)(5).

Based on review of the record, the Board notes that the Veteran has not been provided with proper notice pertaining to PTSD claims based on personal assault as delineated at 38 C.F.R. § 3.304(f)(5). Therefore, such must be accomplished on remand. See 38 C.F.R. § 3.304(f)(5) (VA will not deny a PTSD claim that is based on in-service personal assault without first advising the claimant that evidence from sources other than service records or evidence of behavior changes may constitute credible supporting evidence of the stressor). In this regard, such is especially important as the Veteran underwent VA psychiatric examination in January 2008, wherein the examiner found that he had PTSD that was at least as likely as not related to the personal stressor trauma of being attacked by 50 white Marines in service. As such, any additional information or evidence that the Veteran can provide or identify that would corroborate such stressor would be helpful to his claim.

In this regard, the Board acknowledges that the Veteran has requested that VA obtained a transcript of his court-martial, to include the statements of two officers who had taken statements from the Veteran's shipmates. However, the report of the Veteran's special court-martial proceeding reflects that he pled guilty. As such, no trial would have taken place. The Board also notes that the Veteran has similarly requested that VA obtain the ship logs from the USS Boulder (his ship) and the USS Kitty Hawk (the ship upon which the sailors who allegedly attack him served). In this regard, the Board finds that, after providing the Veteran with the additional notice pertaining to his claim based on personal assault and allowing for an appropriate time to respond, the AOJ should undertake any additionally indicated development, to include obtaining any information from official sources such as investigative reports and/or ship logs, deemed necessary to assist in the corroboration of the Veteran's alleged stressor.

Furthermore, the Board finds that, as relevant to all claims, a remand is necessary in order to obtain outstanding treatment records, including VA and non-VA treatment records. In this regard, the record reflects that the Veteran has received treatment for his back and psychiatric conditions from VA medical facilities in Chicago, Illinois. The record currently contains VA treatment records dating from March 2001 to February 2013. On remand, the AOJ should obtain any outstanding VA treatment records dated before March 2001 and after February 2013.

Finally, as noted in the Introduction, VA treatment records dating from January 2008 to February 2013 have not yet been considered by the AOJ. Therefore, in the readjudication of the Veteran's claims, such should be considered.

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran corrective notice under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), that provides the necessary notification regarding his claim of entitlement to service connection for an acquired psychiatric disorder (to include PTSD) based upon allegations of in-service personal assault, as outlined in 38 C.F.R. § 3.304(f)(5).

2. Obtain complete records from SSA pertaining to the Veteran's claim, including any administrative decisions, determinations, or findings as well as all underlying medical records. All reasonable attempts should be made to obtain any identified records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. Obtain all VA treatment records from Chicago VA facilities dating before March 2001 and after February 2013, pertaining to the Veteran's claimed back and acquired psychiatric disorders. All reasonable attempts should be made to obtain any identified records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. 
§ 3.159(e).

4. After all outstanding records have been associated with the record, and after providing the Veteran with the additional notice pertaining to his claim for service connection for an acquired psychiatric disorder, to include PTSD, based on personal assault and allowing for an appropriate time to respond, the AOJ should undertake any additionally indicated development, to include obtaining any information from official sources such as investigative reports and/or ship logs, deemed necessary to assist in the corroboration of the Veteran's alleged stressor.

5. After all outstanding records have been associated with the record, the Veteran should be afforded an appropriate VA examination to determine the current nature and etiology of his back disorder. The record, to include a copy of this Remand, must be made available to and be reviewed by the examiner. Any indicated evaluations, studies, and tests should be conducted. In offering any assessments or opinions, the examiner should take into account all evidence of record, to include both the lay and medical evidence.

The examiner should address the following questions:

(A) Identify all current diagnoses of the back, to include ankylosing spondylitis.

(B) For each currently diagnosed back disorder, offer an opinion as to whether it is at least as likely as not (i.e., 50 percent or greater probability) that such is related to the Veteran's military service, to include the back injury he alleges he sustained during service? In offering such opinion, the examiner should consider the Veteran's allegations that he experienced back issues upon discharge from the military that interfered with his ability to work.

(C) If arthritis of the back is diagnosed, determine whether it is at least as likely as not (i.e., 50 percent or greater probability) that such manifested within one year of the Veteran's December 1975 (i.e., by December 1976). If so, describe the manifestations.

In offering any opinion, the examiner should consider the full evidence of record, to include the lay statements of record from the Veteran and post-service medical treatment. All opinions expressed should be accompanied by supporting rationale.

6. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should be readjudicated based on the entirety of the evidence, to include VA treatment records dating from January 2008 to February 2013. If any of the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs