Citation Nr: 1522694 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-28 536 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Whether new and material evidence has been received to reopen a claim for entitlement to service connection for bilateral knee disability, to include chondromalacia. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Journet Shaw, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1975 to December 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas, which denied a petition to reopen a claim of entitlement to service connection for bilateral chondromalacia of the knees. 

The Veteran testified before the undersigned Veterans Law Judge at a March 2015 Travel Board hearing. A transcript of this hearing is of record.

This appeal has been processed through the Veterans Benefits Management System (VBMS) electronic paperless appeals processing system.


FINDINGS OF FACT

1. In an April 1976 rating decision, the RO denied service connection for a bilateral knee disability; the Veteran submitted a timely NOD, but did not perfect his appeal. 

2. In an October 2000 rating decision, the RO denied a petition to reopen a claim for entitlement to service connection for a bilateral knee disability; the Veteran submitted a timely NOD, but did not perfect his appeal.

3. In a final November 2003 rating decision, the RO denied a petition to reopen a claim for entitlement to service connection for a left knee disability. 

4. In a final September 2005 Board decision, the Board denied a petition to reopen a claim for entitlement to service connection for a right knee disability. 



5. The evidence received since the November 2003 rating decision and the September 2005 Board decision is cumulative or redundant of the evidence of record and does not raise a reasonable possibility of substantiating the Veteran's claim of entitlement to service connection for a bilateral knee disability, to include chondromalacia. 


CONCLUSIONS OF LAW

1. The November 2003 rating decision that denied the Veteran's petition to reopen a claim for entitlement to service connection for a left knee disability is final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014).

2. The September 2005 Board decision that denied the Veteran's petition to reopen a claim for entitlement to service connection for a right knee disability is final. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. §§ 20.1100, 20.1104 (2014).

3. New and material evidence has not been received to reopen the claim for entitlement to service connection for a bilateral knee disability, to include chondromalacia . 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Board finds that the duty to notify was satisfied in January 2007 and April 2008 letters. See Kent v. Nicholson, 20 Vet. App. 1, 11 (2006).

The Board concludes that the duty to assist has been satisfied as all pertinent service records, treatment records, and lay statements are in the claims file. No VA examination was afforded to the Veteran, but such duty to assist is not applicable unless new and material evidence is presented or secured. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4).

For the above reasons, the Board finds that VA has fulfilled its duties to notify and assist the Veteran. Therefore, the Veteran will not be prejudiced as a result of the Board proceeding to the merits of the claim.

II. New and Material Evidence

Rating actions are final and binding based on evidence on file at the time the claimant is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). The claimant has one year from notification of an RO decision to initiate an appeal by filing a notice of disagreement (NOD) with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C.A. § 7105(b) and (c) (West 2014); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.202, 20.302(a) (2014). A Board decision becomes final upon its issuance. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. §§ 20.1100, 20.1104 (2014).

Additionally, 38 C.F.R. § 3.156(b) provides that, when new and material evidence is received prior to the expiration of the appeal period, it will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal. See also Bond v. Shinseki, 659 F.3d. 1362, 1367 (Fed. Cir. 2011); Roebuck v. Nicholson, 20 Vet. App. 307, 316 (2006); Muehl v. West, 13 Vet. App. 159, 161-162 (1999). 

If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 


New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The United States Court of Appeals for Veterans Claims (Court) has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. See Shade v. Shinseki, 24 Vet. App. 110 (2010). The Court further held that new evidence would raise a reasonable possibility of substantiating the claim if, when considered with the old evidence, it would at least trigger the Secretary's duty to assist by providing a medical opinion. Id. 

For the purpose of establishing whether new and material evidence has been submitted, the credibility of the evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

The Veteran's original claim for service connection for a bilateral knee disability was denied in an April 1976 rating decision. The Veteran submitted a timely NOD, but did not file a Substantive Appeal (VA Form 9) to perfect his appeal. In an October 2000 rating decision, the RO denied a petition to reopen a claim for service connection for a bilateral knee disability. The Veteran submitted a timely NOD, but did not perfect his appeal. 

In a November 2003 rating decision, the RO denied the Veteran's petition to reopen a claim for service connection for a left knee disability. In December 2003, the Veteran was advised of the rating decision and his appellate rights. The Veteran did not file a NOD. In addition, no evidence pertaining to the Veteran's claim was received within one year of the November 2003 rating decision. Therefore, the November 2003 rating decision is final. 

In September 2005, the Board denied a petition to reopen a claim for service connection for a right knee disability. That decision is final. 

In the April 1976 rating decision, the RO denied the Veteran's claim for entitlement to service connection for a bilateral knee disability, because the RO found that the Veteran's bilateral knee disability had pre-existed his period of active duty service and that his disability had not been aggravated by service. The evidence of record at the time of this decision consisted of the STRs and post-service medical records, which supported the decision rendered by the RO. The subsequent decisions by the RO and the Board continued to uphold the reasoning of the April 1976 decision because no new and material evidence had been submitted to address the basis for the denial. 

Indeed, since the Veteran's last prior final denials in November 2003 and September 2005, the Board concludes that the new and material evidence requirement to reopen his claim has not been satisfied. The record includes VA treatment records that reflect continued treatment for bilateral knee pain. No etiology opinion was provided that showed that the Veteran's bilateral knee disability either did not pre-exist service or was shown to have been aggravated by service. The Board finds that this evidence is not new, as it is cumulative and redundant of the evidence available at the time of the last prior final decisions, and does not related to an unestablished fact. Therefore, the claim may not be reopened because no new and material evidence has been received demonstrating that the Veteran's bilateral knee disability, to include chondromalacia, did not pre-exist service or was aggravated by service. 





 [Continued on Next Page]

ORDER

New and material evidence has not been received, and the petition to reopen a claim for entitlement to service connection for bilateral chondromalacia is denied. 




____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs